**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DAVID GARLAND ATWOOD**                                                          **PETITIONER**

**v.**                                                                **CIVIL ACTION NO. 2:13cv242-KS-MTP**

**JIM HOOD &
WARDEN OF FMC-DEVENS**                                                 **RESPONDENTS**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the *pro se* Petition for Writ of Habeas Corpus [1] filed by David Garland Atwood. Respondents filed their Response [6] to the Petition on December 20, 2013. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

## BACKGROUND

Petitioner David Atwood is a post-conviction inmate currently incarcerated at the Federal Correctional Institution in El Reno, Oklahoma. According to the record, Petitioner pled guilty to contributing to the delinquency of a minor, a misdemeanor offense, in the Circuit Court of Covington County, Mississippi, on January 20, 2012.[1] He was sentenced to one year in the Covington County Jail with time served.[2] Petitioner is currently in the custody of the Federal Bureau of Prisons, as he has also been convicted of federal offenses; however, in the instant action, he challenges only his Covington County misdemeanor conviction.

Petitioner filed a motion for post-conviction relief in the Covington County Circuit Court

---

[1] *See* Final Judgment and Sentence of the Court [1-2].

[2] *Id.*

on February 1, 2012, which was denied by written order on November 28, 2012.[3] Petitioner appealed the circuit court's order to the Mississippi Court of Appeals on July 29, 2013–over eight months later.[4] The court of appeals sent Petitioner a show cause notice as to why the appeal should not be dismissed as untimely, but he did not respond. Thereafter, on August 27, 2013, the court of appeals dismissed Petitioner's appeal as untimely.[5]

Petitioner filed the instant petition on or about October 21, 2013,[6] in which he challenges the sufficiency of his guilty plea, or more simply put, whether the plea actually occurred at all. Respondent filed a Response on December 20, 2013, and argues that the Petition should be denied for failure to exhaust state remedies.[7]

## ANALYSIS

A state court prisoner must exhaust available state court remedies as to each and every ground upon which he claims habeas relief pursuant to 28 U.S.C. § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal law requires habeas petitioners to first present their claims in state court and to exhaust all state court remedies. *See* 28 U.S.C. § 2254(b). The exhaustion

---

[3]*See* Order Denying Petition for Post-Conviction Relief and Motion to Withdraw Guilty Plea [6-4].

[4]*See* Notice of Appeal [8-3].

[5]*See* Order [6-5].

[6]*See* Petition [1] at 14.

[7]*See* Response [6]. In addition, Respondent moved to amend the Response on February 18, 2014, to include an additional ground for dismissal. *See* Motion to Amend/Correct Response [9]. The Court granted the motion by Order [12], and directed Respondent to supplement the Response on or before August 4, 2014. This date passed, however, without any action by the Respondent, and the Response has not been amended. Accordingly, the undersigned will only consider the grounds for dismissal contained in the Response [6].

requirement is generally satisfied when the grounds urged in the federal petition were presented to the highest state court in a procedurally proper manner. *Wenceslao v. Quarterman*, 326 Fed. App'x 789, 790 (5th Cir. 2009) ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). A habeas petitioner may overcome the procedural default if he is able "to demonstrate cause for the default and actual prejudice as a result," or establish that "a failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

In this case, Petitioner properly filed his motion for post-conviction relief in Covington County Circuit Court, but then waited over eight months to appeal the circuit court's order to the Mississippi Court of Appeals. The court of appeals dismissed Petitioner's post-conviction motion as untimely, meaning that Petitioner's grounds for relief were never "fairly presented" to the state's highest court. *Wenceslao*, 326 Fed. App'x at 790.

Additionally, as the time for exhausting his claim has passed,[8] Petitioner no longer has the ability to exhaust his arguments. As outlined above, Petitioner failed to appeal the circuit's denial of post-conviction relief within thirty days. Petitioner's failure to timely seek such review results in a procedural default of his federal habeas claim and bar to its review by this Court. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the

---

[8]*See* Miss. R. App. P. 4 (allowing thirty days from the date of entry of the judgment or order for filing a notice of appeal).

state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default"); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Petitioner argues that he has established "cause and actual prejudice" to overcome this procedural bar because he never received the circuit court's order denying his post conviction motion. Specifically, Petitioner states that he was transferred from the correctional facility where he was held at the time his post-conviction motion was filed, and that the circuit court's order was sent there subsequent to his transfer. Petitioner contends that he always advised the state court of any change of address, but the circuit court docket does not reflect any attempt by the Petitioner to update his address during the relevant time frame.[9] In addition, the Court of Appeals provided the Petitioner with the opportunity to explain the untimeliness of his Petition when it issued its order to show cause,[10] but Petitioner failed to respond.

It is well-settled that Petitioner has an obligation to inform courts where his civil actions may be pending of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002). This burden may not be shifted from the Petitioner, as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to

---

[9]*See* Reply [7]; State Court Docket [8-2]. Moreover, the undersigned notes that Petitioner notified the circuit court of his change of address without issue in August 2013. *Id.*

[10]*See* Court of Appeals Order [6-5].

pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* No. 1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

Petitioner also had the obligation to regularly inquire with the state court about the status of his motion for post-conviction relief. *See id.* ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires. Address changes normally would be reflected by those inquiries if made in writing."). The state court docket reflects that Petitioner only contacted the circuit court in June 2013–sixteen months after he filed his motion for post-conviction relief. Accordingly, the undersigned will not construe the Petitioner's own failure to: (1) update his address with the state court; (2) inquire as to the status of his case; and (3) respond to the Mississippi Court of Appeals show cause order as "cause" to overcome his procedural default.

Petitioner also argues that he qualifies for the "fundamental miscarriage of justice" exception because he is innocent of the misdemeanor for which he was convicted. Petitioner, however, fails to produce any evidence of this assertion, and such conclusory statements fail to justify habeas relief. *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1927 (2013) (holding that the miscarriage of justice exception is applicable only to the severely confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows it is more likely than not that no reasonable juror would have convicted [the petitioner]") (internal citations and quotations omitted).

Accordingly, because the Mississippi Supreme Court has not been presented with Petitioner's claims in a procedurally proper manner, his claims have not been fully exhausted and

the time for doing so has expired. For these reasons, the Petition should be dismissed with prejudice.

## **RECOMMENDATIONS**

Based on the foregoing reasons, the undersigned recommends the Petition for a Writ of Habeas Corpus [1] be DENIED and Petitioner's claims be dismissed with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th day of July, 2016.

s/ Michael T. Parker
United States Magistrate Judge